Approved: _____
BENJAMIN A. GIANFORTI
Assistant United States Attorney

Before:     THE HONORABLE JUDITH C. McCARTHY
            United States Magistrate Judge
            Southern District of New York

- - - - - - - - - - - - - - - - - - x    20 Mag 6096

UNITED STATES OF AMERICA            :    **COMPLAINT**

     - v. -                         :    Violation of
                                         18 U.S.C. §§ 922(g)(1)
GARLAIN FRANCOIS,                   :    and 2

                    Defendant.      :    COUNTY OF OFFENSE:
                                         ROCKLAND

- - - - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

        MOISES HASSELL, being duly sworn, deposes and says that he is a Special Agent with the Federal Bureau of Investigation ("FBI"), and charges as follows:

                            COUNT ONE

        1.   On or about June 6, 2020, in the Southern District of New York and elsewhere, GARLAIN FRANCOIS, the defendant, knowing he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess a firearm, to wit, a loaded Smith and Wesson, Model 10-8, .38 Special caliber revolver, and the firearm was in and affecting commerce.

        (Title 18, United States Code, Sections 922(g)(1) and 2.)

        The bases for my knowledge and for the foregoing charge are, in part, as follows:

        2.   I am a Special Agent with the FBI, and I have been personally involved in the investigation of this matter. This affidavit is based upon my personal participation in the investigation of this matter, my conversations with law enforcement agents, as well as my examination of reports and records.  Because this affidavit is being submitted for the

2

limited purpose of demonstrating probable cause, it does not include all the facts that I have learned during the course of my investigation.  Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part.

       3.    Based on my review of law enforcement reports, my discussions with law enforcement officers, and my personal involvement in this investigation, I have learned the following, in substance and in part:

       a.    On or about June 6, 2020, at approximately 2:37 PM, members of the Spring Valley Police Department ("SVPD") responded to an apartment complex at 243 Kearsing Parkway in Monsey, New York (the "Apartment Complex") based on a report of shots fired at approximately 2:33 PM.

       b.    An SVPD officer ("SVPD Officer-1") spoke to two female witnesses who were outside the Apartment Complex at the time of the incident ("Witness-1" and "Witness-2"). Witness-1 stated, in substance and in part, that someone inside of a silver car had fired multiple shots at her and Witness-2. Witness-2 stated, in substance and in part, that she had seen a silver car driving through the parking lot of the Apartment Complex when a dark-skinned arm emerged from the driver's side window and fired multiple shots in her direction. Witness-2 stated further, in substance and in part, that because she had not been wearing her glasses and had been trying to protect herself, she did not make out the gender of the driver.

       c.    SVPD Officer-1 and another SVPD officer ("SVPD Offier-2") also spoke to a male witness ("Witness-3"), who stated, in substance and in part, that he was standing in his driveway at his home across from the Apartment Complex and heard gunshots at the time of the incident. After hearing the shots, Witness-3 went to the end of his driveway and saw a silver or gray car drive out of the parking lot of the Apartment Complex at high speed. Witness-3 also stated, in substance and in part, that he thought the car may have been an older model Chevrolet with a New York license plate reading "J_ _ 8060." Witness-3 stated further that he had seen two black males in the front seat of the car and that the driver was wearing a white surgical mask.

       d.    Witness-3 then stated, in substance and in part, that he had picked up several shell casings from the area that the silver or gray car had come from and put them in a

Ziploc bag. Witness-3 turned the shell casings over to the officers and showed them where he found the casings. The officers found another shell casing in the same vicinity. Upon further examination, the shell casings turned out to be .9mm caliber Luger brand rounds.

   e. SVPD Officer-2 spoke to another male witness who was present at the Apartment Complex at the time of the incident ("Witness-4"), who stated, in substance and in part, that he initially saw a black four-door sedan parked in the parking lot of the Apartment Complex. Witness-4 saw a white-skinned male's arm emerge from the driver's window and fire multiple shots at a gray or silver four-door sedan. After the shots were fired, both cars sped away in opposite directions.

   f. At approximately 6:10 PM, while canvassing the area of 220 Kearsing Parkway, another SVPD officer ("SVPD Officer-3") saw a silver Honda with a New York license plate reading "JRG 6080" (the "Silver Honda"). SVPD Officer-3 saw what appeared to be two bullet holes in the front driver-side door of the Silver Honda. Upon closer examination, a bullet was visible in one of the holes from the outside of the car. Soon thereafter, GARLAIN FRANCOIS, the defendant, who is dark-skinned and whom SVPD Officer-3 knew from previous encounters, approached SVPD Officer-3, pointed in the general direction of where the incident occurred in the parking lot of the Apartment Complex, and stated, in substance and in part, that "they shot at my car when it was parked over there." SVPD Officer-3 told FRANCOIS that he was investigating the incident and asked for FRANCOIS' consent to search the Silver Honda, which FRANCOIS provided in writing. Other SVPD officers subsequently recovered a white surgical mask and two bullet fragments from the Silver Honda. While searching the Silver Honda, Witness-2 approached the officers and confirmed that it was the silver car she had seen earlier.

   g. FRANCOIS agreed to come with SVPD Officer-3 to the SVPD to discuss the incident. FRANCOIS was *Mirandized* and agreed to give a statement. FRANCOIS stated, in substance and in part, that he was the owner of the Silver Honda and was the only one with keys to it. He stated further that, at some point after 2:00 PM on or about June 6, 2020, he drove the Silver Honda to the parking lot of the Apartment Complex. Shortly thereafter, two masked men began shooting at him, striking the Silver Honda. FRANCOIS stated that, at that point, he drove away, without shooting back. He eventually ended up back at his apartment at 220 Kearsing Parkway.

4

  h. Based on the foregoing, on or about June 7, 2020, while FRANCOIS was still in SVPD custody, a justice with the Town of Ramapo Justice Court issued a search warrant for firearms, ammunition, magazines, and holsters for FRANCOIS' apartment at 220 Kearsing Parkway. The SVPD's search of the apartment recovered a loaded Smith and Wesson, Model 10-8, .38 Special caliber revolver with six live rounds in the cylinder and three loose live rounds of .38 caliber ammunition in a bag behind a kitchen drawer.

  i. After the revolver was found, SVPD Officer-3 told FRANCOIS, who was still in SVPD Custody, that he had "found it." In response FRANCOIS stated, "it's mine" and asked to give another statement. FRANCOIS was *Mirandized* again and again admitted that the firearm was his, describing accurately its style, color, and location in his apartment.

  4. Based on an examination of information about the firearm and ammunition provided by the SVPD, a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") determined that the firearm was a Smith and Wesson, Model 10-8, .38 Special caliber revolver with the serial number 9D67536 and that the ammunition in the cylinder and loose in the bag was .38 Special caliber Winchester brand ammunition. The ATF agent also determined that the firearm was manufactured in Massachusetts, Maine, or Connecticut and the ammunition was manufactured in Illinois.

  5. I have reviewed a criminal history report for GARLAIN FRANCOIS, the defendant, from which I have learned that:

  a. On or about April 5, 2016, in Rockland County Court, FRANCOIS was convicted of hindering prosecution in the second degree, in violation of New York Penal Law Section 205.60. Based on my training and experience, I am aware that this crime is a felony in New York State and is punishable by a term of imprisonment exceeding one year.[1]

  b. Based on my conversations with SVPD Officer-3, I know that FRANCOIS admitted during his second *Mirandized*

---

[1] Based on my training, experience, and reports of conversations with members of the Rockland County District Attorney's Office, I know that it is standard practice that defendants are advised of the maximum penalties that may be imposed pursuant to a crime to which they are pleading guilty.

5

statement that he was a convicted felon and that he knew that he was not supposed to have a firearm because of that.

       WHEREFORE, deponent respectfully requests that a warrant be issued for the arrest of GARLAIN FRANCOIS, the defendant, and that he be imprisoned or bailed, as the case may be.

                            /s/ Moises Hassell, Credential #27969
                            _____
                            Special Agent Moises Hassell
                            Federal Bureau of Investigation

Sworn to me through the transmission of this
Affidavit by reliable electronic means, pursuant to
Federal Rules of Criminal Procedure 41(d)(3) and 4.1   **(By Facetime)**
On:   June 10, 2020
     _____

_____
THE HONORABLE JUDITH C. McCARTHY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK